1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11   HOLZ LTD.,                )
                               )
12          Plaintiff(s),      )     No. C05-0244 BZ
                               )
13       v.                    )     **ORDER SCHEDULING**
                               )     **JURY TRIAL AND**
14   ROBERT JAMES KASHA, et    )     **PRETRIAL MATTERS**
     al.,                      )
15                             )
            Defendant(s).      )
16   _____  )

17

18        Following the Case Management Conference on June 6,

19   2005, **IT IS HEREBY ORDERED** that the Case Management

20   Statement is adopted, except as expressly modified by this

     Order.  It is further **ORDERED** that:

21   1.   <u>DATES</u>

22        All dates are scheduled according to the June 7, 2005,

23   stipulation and scheduling order.

24   2.        <u>DISCLOSURE AND DISCOVERY</u>

25        The parties are reminded that a failure to voluntarily

26   disclose information pursuant to Federal Rule of Civil

27   Procedure 26(a) or to supplement disclosures or discovery

28

1

responses pursuant to Rule 26(e) may esult in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter served on all parties not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties may reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3.   <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice.  Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to

admissible evidence.  The parties shall file a joint
statement of undisputed facts where possible.  If the
parties are unable to reach complete agreement after
meeting and conferring, they shall file a joint statement
of the undisputed facts about which they do agree.  Any
party may then file a separate statement of the additional
facts that the party contends are undisputed.  A party who
without substantial justification contends that a fact is
in dispute is subject to sanctions.  A Chambers copy of all
briefs shall be submitted on a diskette formatted in
WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1
(DOS).

4.   EARLY NEUTRAL EVALUATION

     This matter has been referred for an Early Neutral
Evaluation to be conducted sixty to ninety days, if
possible.  The parties shall promptly notify the Court
whether the case is resolved at the Early Neutral
Evaluation.

5.   SETTLEMENT

     This case has been referred for assignment to a
Magistrate Judge to conduct a settlement conference in
March or April 2006 in the event the case is not resolved
earlier.  Counsel will be contacted by that judge's
chambers with a date and time for the conference.

6.   PRETRIAL CONFERENCE

     Not less than thirty days prior to the date of the
pretrial conference, the parties shall meet and take all
steps necessary to fulfill the requirements of this Order.

1    Not less than twenty days prior to the pretrial
2 conference, the parties shall: (1) serve and file a joint
3 pretrial statement, containing the information listed in
4 **Attachment 1**, and a proposed pretrial order; (2) serve and
5 file trial briefs, motions in limine and statements
6 designating excerpts from discovery that will be offered at
7 trial (specifying the witness and page and line
8 references); (3) exchange exhibits, agree on and number a
9 joint set of exhibits and number separately those exhibits
10 to which the parties cannot agree; (4) deliver all marked
11 trial exhibits directly to the courtroom clerk, Ms. Scott;
12 (5) deliver one extra set of all marked exhibits directly
13 to Chambers; and (6) submit all exhibits in three-ring
14 binders.  Each exhibit shall be marked with an exhibit
15 label as contained in **Attachment 2**.

16    No party shall be permitted to call any witness or
17 offer any exhibit in its case in chief that is not
18 disclosed at pretrial, without leave of Court and for good
19 cause.

20    Lead trial counsel for each party shall meet and
21 confer in an effort to resolve all disputes regarding
22 anticipated testimony, witnesses and exhibits.  All motions
23 in limine and objections to witnesses or exhibits will be
24 heard at the pretrial conference.  Not less than ten days
25 prior to the pretrial conference, the parties shall serve
26 and file any objections to witnesses or exhibits or to the
27 qualifications of an expert witness.  Motions in limine
28 shall be filed and served not less than twenty days prior

4

1  to the conference.  Oppositions shall be filed and served

2  not less than ten days prior to the conference.  There

3  shall be no replies.

4      Not less than twenty days prior to the pretrial

5  conference the parties shall serve and file requested voir

6  dire questions, jury instructions, and forms of verdict.

7  The following jury instructions from the *Manual of Model*

8  *Civil Jury Instructions for the Ninth Circuit* (1997 ed.)

9  will be given absent objection: 1.1-1.12, 2.1-2.2, 3.1-3.3,

10  3.5-3.8, 4.1-4.3.  Do not submit a copy of these

11  instructions.  Counsel must submit a joint request for

12  Model Patent Jury Instructions, designating by number the

13  instructions they request.  Any instruction on which the

14  parties cannot agree may be submitted separately.  The

15  Ninth Circuit Manual should be used where possible.

16  Proposed jury instructions taken from the Ninth Circuit

17  Manual need only contain a citation to that source.  Any

18  modifications made to proposed instructions taken from a

19  manual of model instructions must be clearly indicated.

20  Otherwise, each requested instruction shall be typed in

21  full on a separate page with citations to the authority

22  upon which it is based and conform to the format of the

23  Example Jury Instruction attached to this Order.  Not less

24  than ten days prior to the pretrial conference, the parties

25  shall serve and file any objections to separately proposed

26  jury instructions.

27      Jury instructions that the Court has given in prior

28  cases may be downloaded from the Northern District website

1  at **http:\\www.cand.uscourts.gov**.  (Instructions are
2  located on the "Judge Information" page for Magistrate
3  Judge Zimmerman.)  The Court will generally give the same
4  instructions in cases involving similar claims unless a
5  party establishes, with supporting authorities, that the
6  instruction is no longer correct or that a different
7  instruction should be given.

8      All proposed jury instructions, motions <u>in</u> <u>limine</u>,
9  forms of verdict and trial briefs shall be accompanied by a
10 floppy diskette containing a copy of the document formatted
11 in WordPerfect 6.1, 8, 9 or 10 (Windows) or WordPerfect 5.1
12 (DOS).

13     At the time of filing the original with the Clerk's
14 Office, two copies of all documents (but only one copy of
15 the exhibits) shall be delivered directly to Chambers (Room
16 15-6688).  Chambers' copies of all pretrial documents shall
17 be three-hole punched at the side, suitable for insertion
18 into standard, three-ring binders.

19 Dated: June 7, 2005

20              /s/Bernard Zimmerman
                Bernard Zimmerman
21          United States Magistrate Judge

25 G:\BZALL\-BZCASES\HOLZ\CMC.wpd

6

# EXAMPLE PROPOSED JURY INSTRUCTION
## For Chambers of Magistrate Judge Zimmerman

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified.  The following proposed instruction contains these elements.

_____

_____'s Proposed Instruction No. _____.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED  _____  GIVEN AS MODIFIED

7

## <u>ATTACHMENT 1</u>

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

    (A)  Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

    (B)  Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (C)  Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

    (D)  Further Discovery or Motions. A statement of all remaining motions, including motions in limine.

(4) **Trial Alternatives and Options.**

    (A)  Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (C)  Amendments, Dismissals. A

statement of requested or
proposed amendments to
pleadings or dismissals of
parties, claims or defenses.

     (D)  Bifurcation, Separate Trial of
Issues. A statement of whether
bifurcation or a separate
trial of specific issues is
feasible and desired.

**(5) Miscellaneous.**

    Any other subjects relevant to the trial of the
action, or material to its just, speedy and inexpensive
determination.

**ATTACHMENT 2**

**USDC**
Case No. CV05-00244 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV05-00244 BZ
**JOINT** Exhibit No. _____

Date Entered  _____

Signature _____

---

**USDC**
Case No. CV05-00244 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV05-00244 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No.  CV05-00244 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV05-00244 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV05-00244 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV05-00244 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

---

**USDC**
Case No. CV05-00244 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV05-00244 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

1

2

3  **USDC**                                        **USDC**
   Case No. CV05-00244 BZ                          Case No. CV05-00244 BZ
   **DEFT** Exhibit No. _____            **DEFT** Exhibit No. _____

4

5  Date Entered _____              Date Entered _____

6  Signature _____                 Signature _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28