```
 1  KENNETH B. WILSON, California State Bar No. 130009
        kwilson@perkinscoie.com
 2  STEFANI E. SHANBERG, California State Bar No. 206717
        sshanberg@perkinscoie.com
 3  K.C. ALLAN, California State Bar No. 231866
        kallan@perkincoie.com
 4  PERKINS COIE LLP
    180 Townsend Street, 3rd Floor
 5  San Francisco, California 94107
    Telephone: (415) 344-7000
 6  Facsimile: (415) 344-7050

 7  Attorneys for Defendants
    ROBERT JAMES KASHA d/b/a
 8  BIG BANG DISTRIBUTION and
    JEFF MOELLER
```

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HOLZ LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT JAMES KASHA d/b/a BIG BANG DISTRIBUTION and JEFF MOELLER,<br><br>    Defendants. | Case No. C05-00244 BZ<br><br>[~~PROPOSED~~]<br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>**The Honorable Bernard Zimmerman** |

  Defendant Robert James Kasha d/b/a Big Bang Distribution ("Big Bang") and Plaintiff Holz Ltd. ("Holz"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

  1.  All documents, materials, items, and/or information that contain or comprise confidential research, development, or commercial information produced or submitted during the course of this action either by a party or by a nonparty to a party shall be governed by this Protective Order (the "Confidential Material").

2. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as (1) "Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order.

3. As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. As a further general guideline, information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. The designation of information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential - Attorneys' Eyes Only" hereunder until the expiration of fifteen (15) days after the mailing (via overnight mail) to counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

6. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

1  (b)  employees of the parties whose assistance is needed by counsel for the
2  purposes of this litigation;
3  (c)  consultants as defined in Paragraph 8 herein and pursuant to the provisions
4  of Paragraph 9 herein;
5  (d)  the Court, pursuant to Paragraph 12 herein;
6  (e)  court reporters employed in connection with this action;
7  (f)  graphics or design services retained by counsel for a party for purposes of
8  preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this
9  action, subject to and conditioned upon compliance with Paragraph 10 herein;
10 (g)  non-technical jury or trial consulting services retained by counsel for a
11 party, subject to and conditioned upon compliance with Paragraph 10 herein; and
12 (h)  any other person only upon order of the Court or upon written consent of the
13 party producing the confidential information or material.
14 7.  Information or material designated as "Highly Confidential - Attorneys' Eyes
15 Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed,
16 summarized, described, characterized, or otherwise communicated or made available in whole or
17 in part only to the following persons:
18 (a)  parties' outside counsel of record in this action and regular and temporary
19 employees of such counsel to whom it is necessary that the information or material be shown for
20 the purposes of this litigation;
21 (b)  consultants as defined in Paragraph 8 herein and pursuant to the provisions
22 of Paragraph 9 herein and subject to and conditioned upon compliance with Paragraph 10 herein;
23 (c)  the Court, pursuant to Paragraph 12 herein;
24 (d)  court reporters employed in connection with this action;
25 (e)  graphics or design services retained by counsel for a party for purposes of
26 preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this
27 action, subject to and conditioned upon compliance with Paragraph 10 herein;
28

        (f)    non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein; and

        (g)    any other person only upon order of the Court or upon written consent of the party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 10 herein.

    8.    For purposes of Paragraphs 6(c) and 7(b) herein, a consultant shall be defined as a person who is <u>neither</u> an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

    9.    The procedure for having a consultant approved for access to information or materials designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall be as follows:

        (a)    The party seeking to have a consultant, as defined in Paragraph 8 herein, approved shall provide each other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationships in the last ten years, and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A.

        (b)    Within ten (10) days after mailing (via overnight delivery) of the information and signed undertaking described in subparagraph (a) by the party seeking approval, any other party may object to the person proposed for approval if facts available to that party give it reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes other than the preparation or trial of this case. Failure to object within ten (10) days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information by that person where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

(c)     If any other party so objects, the parties shall, within fifteen (15) days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute. At that conference the objecting party shall inform the party requesting approval of its reasons for objecting to the designated person. If the parties cannot resolve the dispute, or if the conference does not take place, then, within fifteen (15) days from the date of the conference or within thirty (30) days from the date of the mailing of notice of objection, the objecting party may move the Court for an order that access to information designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" be denied to the designated person. These time periods are not to restrict a party from moving for a court order earlier if the circumstances so require. Failure to file a motion within these periods shall constitute waiver of the specific objection, but shall not preclude a party from objecting to continued access to "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

10.     All persons listed in Paragraphs 6(b), 6(c), 6(e), 6(f) and 6(g) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 7(b), 7(d), 7(e) and 7(f) above may be given access to information or material designated as "Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

11.     Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from,

1 or communicated to that witness by, that same party provided that the examining party makes a
2 reasonable effort to obtain the witness' compliance with Paragraph 10.

3     12. Confidential Material shall be submitted to the Clerk of the Court in accordance
4 with Civil Local Rule 79-5.

5     13. A party may challenge any other party's designation of information or materials
6 produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by serving a
7 written objection upon the producing party. The producing party shall notify the challenging party
8 in writing of the bases for the asserted designation within ten (10) days after receiving any written
9 objection. The parties shall confer in good faith as to the validity of the designation within five (5)
10 days after the challenging party has received the notice of the bases for the asserted designation.
11 To the extent the parties are unable to reach an agreement as to the designation, the objecting party
12 may make an appropriate application to this Court within fifteen (15) days after conferring with
13 the producing party, with confidential portions thereof to be kept under seal, requesting that
14 specifically identified documents, information, and/or deposition testimony be excluded from the
15 provisions of this Protective Order or downgraded in terms of the degree of protection provided.
16 Failure to make an application within this period shall constitute a waiver of the objection. Until a
17 dispute over the asserted designation is finally resolved by the parties or the Court, all parties and
18 persons shall treat the information or materials in question as designated as "Confidential" or
19 "Highly Confidential - Attorneys' Eyes Only."

20     14. All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information
21 and material covered by this Protective Order shall be kept in secure facilities, and access to those
22 facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above
23 as persons properly having access thereto. Notwithstanding the foregoing, "Confidential" or
24 "Highly Confidential – Attorneys' Eyes' Only" information and material may be kept in an office
25 of counsel of record that is accessible to janitorial workers.

26     15. All counsel for the parties who have access to information or material designated as
27 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order

28

acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16.  Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a)  operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b)  operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

(c)  prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

(d)  prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e)  prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f)  prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

(g)  prejudice in any way the rights of any party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential - Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential - Attorneys' Eyes Only"; or

      (h)    prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

      (a)    was already known to such party by lawful means prior to acquisition from, or disclosure by, any other party in this action;

      (b)    is or becomes publicly known through no fault or act of such party; or

      (c)    is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

18. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

19. Notwithstanding any provision of this Order, every person who receives information designated as "Highly Confidential – Attorneys' Eyes Only" under this Order is precluded from preparing or prosecuting, or supervising the preparation or prosecution of, or providing any such information to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the

USPTO, involving any patent or patent application having claims directed or related to methods described by the patent at issue. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within two years after termination of this action. This provision does not preclude Darien and Lester Wallace from representing Holz Ltd. during any reexamination proceeding regarding Patent 4,742,573, ~~which is initiated by Robert James Kasha d/b/a Big Bang Distribution or Jeff Moeller.~~

20. If a party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, <u>unless</u> it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

21. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

22. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

23. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

24. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the

1  conclusion of this action, including without limitation any appeals therefrom. Within sixty (60)
2  days after receiving notice of the entry of an order, judgment or decree finally disposing of this
3  action, including any appeals therefrom, all persons having received information or material
4  designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall
5  return such material and all copies thereof (including summaries and excerpts) to counsel for the
6  producing party, or shall certify destruction thereof. Counsel described in paragraphs 6(a) and 7(a)
7  above shall be entitled to retain court papers, deposition and trial transcripts and attorney work
8  product (including court papers, transcripts, and attorney work product that contain information or
9  material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only") provided
10 that such counsel, and employees of such counsel, shall not disclose any such information and
11 material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contained
12 in such court papers, transcripts, or attorney work product to any person or entity except pursuant
13 to a written agreement with the producing party of the information or material. All materials
14 returned to the parties or their counsel by the Court likewise shall be disposed of in accordance
15 with this paragraph.

16    25.    In the event that any information or material designated as "Confidential" or
17 "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this
18 action or any appeal therefrom, such information or material shall not lose its status as
19 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use. Counsel for the
20 parties shall confer on such procedures as are necessary to protect the confidentiality of any
21 documents, information and transcripts used in the course of any court proceedings, and shall
22 incorporate such procedures, as appropriate, in the pre-trial order.

23    26.    If any party (a) is subpoenaed in another action, (b) is served with a demand in
24 another action to which it is a party, or (c) is served with any other legal process by one not a party
25 to this action, seeking information or material which was produced or designated as "Confidential"
26 or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall
27 give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of
28 receipt of such subpoena, demand or legal process, to those who produced or designated the

information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Dated: September 9, 2005    By: /s/ Darien K. Wallace

Darien K. Wallace (State Bar No. 139798)
T. Lester Wallace (State Bar No. 159967)
SILICON EDGE LAW GROUP LLP
6601 Koll Center Parkway, Suite 245
Pleasanton, California 94566
Telephone:   925-621-2121
Facsimile:    925-621-2119
Darien@SiliconEdgeLaw.com

Attorneys for Plaintiff
Holz, Inc.

Dated: 9-21-05  By: /s/ K.C. Allan

Kenneth B. Wilson (State Bar No. 130009)
KWilson@perkinscoie.com
Stefani E. Shanberg, California State Bar No. 206717
sshanberg@perkinscoie.com
K. C. Allan (State Bar No. 231866)
KAllan@perkinscoie.com
PERKINS COIE LLP
180 Townsend Street, 3rd Floor
San Francisco, CA 94107
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendants
ROBERT JAMES KASHA and JEFF MOELLER
d/b/a BIG BANG DISTRIBUTION

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: September 26, 2005

_____
Honorable Bernard Zimmerman

IT IS SO ORDERED
[Signature]
Judge Bernard Zimmerman
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

## CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in <u>Holz Ltd. v. Robert James Kasha et al</u> (Case No. C05-00244 BZ). My address is _____ _____. My present occupation is _____ _____.

I have been given a copy of that Protective Order and read it. I agree to be bound by the Protective Order. I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Material – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Material – including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Material. I hereby consent to the jurisdiction of the United States District Court of the Northern District of California, San Francisco Division, for the purpose of enforcing the Protective Order.

Executed this _____ day of _____, at _____ _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No. C05-00244 BZ

14

BY051940.136